J2E6BURD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

         v.                                    18 CR 217(KMB)(KNF)

ALEXANDRU BURDUCEA,

            Defendant.                        Plea

------------------------------x

                                  New York, N.Y.
                                  February 14, 2019
                                  10:30 a.m.


Before:

                     HON. KEVIN N. FOX,

                                  Magistrate Judge

                     APPEARANCES

GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York
BY:  NOAH D. SOLOWIEJCZYK
    DAVID M. ABRAMOWICZ
    Assistant United States Attorneys

RICHARD LEVITT, ESQ.
    Attorney for Defendant


Also Present:  Special Agent Bruce Wayne, FBI

J2E6BURD

```
 1                (In open court; case called)
 2                THE DEPUTY CLERK:  United States v. Alexandru
 3     Burducea.
 4                Counsel, please state your name for the record.
 5                MR. SOLOWIEJCZYK:  Good morning, your Honor.  Noah
 6     Solowiejczyk on behalf of the government.  I am joined at
 7     counsel table by AUSA David Abramowicz and Special Agent Bruce
 8     Wayne of the FBI.
 9                THE COURT:  Good morning to all.
10                MR. LEVITT:  For Dr. Burducea, Richard Levitt, your
11     Honor.
12                THE COURT:  Good morning.
13                Mr. Levitt, is there an application on behalf of your
14     client?
15                MR. LEVITT:  Yes, your Honor.  At this time with the
16     Court's permission and pursuant to an agreement entered into
17     with the government, we seek to withdraw Mr. Burducea's
18     previously entered plea of not guilty and enter a plea of
19     guilty to Count One of the indictment in satisfaction thereof.
20                THE COURT:  Mr. Burducea, I have before me Indictment
21     18 CR 217, a multi-count indictment.  We shall be focusing on
22     Count One of the indictment during this proceeding.  Count One
23     of the indictment charges a violation of Title 18, United
24     States Code, Section 371, which makes it an offense for a
25     person to conspire with others to violate the laws of the
```

J2E6BURD

1    United States.  You have a right to have this morning's

2    proceeding presided over by a district judge.  You may if you

3    wish consent to have a magistrate judge preside over this

4    morning's proceeding.  In that connection I have a document

5    which is labeled Consent to Proceed before a United States

6    Magistrate Judge and on a Felony Plea Allocution.

7            Please swear the defendant.

8            THE DEPUTY CLERK:  Stand and raise of your right hand.

9            You are Alexandru Burd--

10           THE DEFENDANT:  Burducea.

11           THE DEPUTY CLERK:  Burducea?

12           THE DEFENDANT:  Yes.

13           (Defendant sworn)

14           THE COURT:  Sir, I want to show you the consent form

15    about which I was speaking a moment ago.

16           Do you recognize this document?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  Did you have an opportunity to review it

19    with your attorney?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Is there anything in the consent form that

22    you do not understand?

23           THE DEFENDANT:  No.

24           THE COURT:  Do you acknowledge that it explains in

25    greater detail what I mentioned to you a moment ago about your

J2E6BURD

| | |
|---|---|
| 1 | right to have this proceedings presided over by a district |
| 2 | judge and that by signing this document, you are agreeing that |
| 3 | a magistrate judge may preside over this proceeding? |
| 4 | THE DEFENDANT:  Yes, your Honor. |
| 5 | THE COURT:  Is your true signature on the consent |
| 6 | form? |
| 7 | THE DEFENDANT:  Yes. |
| 8 | THE COURT:  Did anyone force you to sign the document, |
| 9 | sir? |
| 10 | THE DEFENDANT:  No. |
| 11 | THE COURT:  Let me turn my attention to your counsel. |
| 12 | Is your signature also on the consent form? |
| 13 | MR. LEVITT:  Yes, your Honor. |
| 14 | THE COURT:  I shall sign the document and we shall |
| 15 | continue. |
| 16 | Mr. Burducea, state your full name, please. |
| 17 | THE DEFENDANT:  Alexandru Burducea. |
| 18 | THE COURT:  In the last 24 hours have you consumed any |
| 19 | medicine, alcohol, or drugs that would affect your ability to |
| 20 | understand what you are doing here today? |
| 21 | THE DEFENDANT:  No. |
| 22 | THE COURT:  Are you under the care of a physician or |
| 23 | psychiatrist for any condition? |
| 24 | THE DEFENDANT:  Yes. |
| 25 | THE COURT:  Which, a physician or psychiatrist? |

J2E6BURD

1          THE DEFENDANT:  Dr. Guy Farber.  He is a psychiatrist.

2          THE COURT:  Is there anything about the treatment that

3     you are receiving from the psychiatrist that would affect your

4     ability to understand what you are doing here today?

5          THE DEFENDANT:  No.

6          THE COURT:  Have you ever been treated for alcoholism

7     or drug addiction?

8          THE DEFENDANT:  No.

9          THE COURT:  Do you feel all right today?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  What is the extent of your education, sir?

12          THE DEFENDANT:  I am pleading guilty today.

13          MR. LEVITT:  No.  What is the extent of your

14     education.

15          THE DEFENDANT:  Oh, I am sorry.  I am a physician.  I

16     am -- I went to medical school and I am a physician.

17          THE COURT:  Have you received a copy of Indictment 18

18     CR 217?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Do you wish to have Count One of the

21     indictment read to you now in open court?

22          THE DEFENDANT:  No.

23          THE COURT:  Do you understand what it says that you

24     did at Count One of the indictment?

25          THE DEFENDANT:  Yes, your Honor.

J2E6BURD

```
1          THE COURT:  Have you had sufficient opportunity to

2     speak with your attorney about the charge contained at Count

3     One of the indictment and how you wish to plead to it?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Are you satisfied with the assistance that

6     your attorney has rendered to you in connection with this

7     matter?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Are you ready to plead to Count One of

10    Indictment 18 CR 217?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  What is or your plea, sir, guilty or not

13    guilty?

14         THE DEFENDANT:  Guilty.

15         THE COURT:  If you are not a United States citizen,

16    your plea of guilty to Count One of the indictment to the

17    felony offense may affect adversely your ability to remain

18    within the United States, to become a United States citizen, or

19    to be admitted into the United States.

20         Do you understand, sir?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  In addition because the offense to which

23    you are pleading guilty is a felony offense, you may be giving

24    up certain valuable civil rights that you possess.  Among those

25    are the following:  The right to vote, the right to hold public
```

J2E6BURD

1    office, the right to serve on a jury, the right to possess any

2    type of firearm including rifles and shotguns, the right to be

3    considered for certain types of employment, and the right to

4    possess or obtain certain professional licenses.

5          Do you understand, sir?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  I have to determine whether your plea of

8    guilty is being made voluntarily and whether you understand

9    fully the nature the charge to which you are pleading and the

10   possible consequences of your plea so I shall be asking you

11   additional questions.

12         I first want to ensure that you understand the nature

13   of the charge made against you at Count One of the indictment.

14   It is alleged in Count One of the indictment that you

15   participated in a conspiracy to violate the laws of the United

16   States specifically Title 42, United States Code, Section

17   1320a-7b(b)(1)(B) sometimes referred to as the Anti-Kickback

18   Statue.

19         The law provides as a maximum penalty for the offense

20   set forth at Count One the following:  A maximum term of

21   imprisonment of five years, a maximum term of supervised

22   release of three years, a maximum fine pursuant to Title 18,

23   United States Code, Section 3571 the greatest of $250,000,

24   twice the gross pecuniary gain derived from the offense or

25   twice the gross pecuniary loss to persons other than yourself

J2E6BURD

1    resulting from the offense and a $100 mandatory special

2    assessment.  You're also subject to an order of restitution.

3              If you are sentenced to a term of supervised release

4    and violate the terms and conditions of that supervised release

5    such that it is revoked, you expose yourself to serving in

6    prison all or part of the term of supervised release authorized

7    by statute for the offense that resulted in such term of

8    supervised release without credit for time previously served on

9    postrelease supervision.

10             Sir, do you understand the nature of the charge to

11   which you are pleading?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Do you also understand the range of

14   penalties including the maximum sentence to which you are

15   potentially exposing yourself by your plea?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Do you understand that you have the right

18   to plead not guilty and to persist in that plea?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Do you understand that you have the right

21   to a jury trial on the charge contained at Count One of the

22   indictment?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Do you understand that if you plead

25   guilty -- excuse me, if you plead not guilty and go to trial,

9

J2E6BURD

1    the burden would be upon the government to prove that you are

2    guilty beyond a reasonable doubt?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Do you understand that at a trial you

5    would be presumed innocent until the government proved your

6    guilt beyond a reasonable doubt?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Do you understand that at such a trial and

9    at every other stage of the proceedings, you would have the

10   right to be represented by an attorney and if necessary the

11   Court would appoint an attorney to represent you?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Do you also understand that at a trial you

14   would have the right to testify, to confront and question any

15   witnesses who would testify against you and the right not to be

16   forced to incriminate yourself, that is, you don't have to be a

17   witness against yourself?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Do you understand that at a trial you

20   would be entitled to present evidence, to call witnesses to

21   testify and to compel the attendance of witnesses?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Do you understand that if you plead

24   guilty, there will be no trial of any kind so that you give up

25   your trial rights and the only remaining step will be for the

J2E6BURD

1    assigned district judge to sentence you?

2                THE DEFENDANT:  Yes.

3                THE COURT:  Sir, are you certain that you understand

4    the nature of the charge to which you are pleading?

5                THE DEFENDANT:  Yes, your Honor.

6                THE COURT:  Are you certain that you understand the

7    range of penalties including the maximum sentence to which you

8    are potentially subjecting yourself by your plea?

9                THE DEFENDANT:  Yes.

10               THE COURT:  Do you understand that the sentencing

11   judge may be obligated to impose a special assessment on you?

12               THE DEFENDANT:  Yes.

13               THE COURT:  Have you and your attorney talked about

14   how the Sentencing Commission guidelines which are advisory

15   might inform the sentence to be imposed upon you?

16               THE DEFENDANT:  Yes.

17               THE COURT:  Do you understand that in determining your

18   sentence, the sentencing judge is obligated to calculate the

19   applicable sentencing guidelines range and possible departures

20   under the sentencing guidelines?

21               THE DEFENDANT:  Yes.

22               THE COURT:  Do you understand that in addition to the

23   factors outlined in the Sentencing Commission Guidelines, the

24   sentencing judge will also consider factors that are found at

25   18, U.S.C., Section 3553 in determining what an appropriate

J2E6BURD

1    sentence might be for you?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Do you understand that parole has been

4    abolished and you are if sentenced to prison, you will not be

5    released on parole?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Do you understand that the answers you

8    give to me today under oath may in the future be used against

9    you in a prosecution for perjury or false statement if you do

10   not tell the truth to the Court?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  What are the elements of the offense set

13   forth at Count One the indictment?

14             MR. SOLOWIEJCZYK:  Your Honor, Count One charges

15   conspiracy to violate the Anti-Kickback Statute pursuant to

16   Title 18, United States Code, Section 371.  The crime of

17   conspiracy has the following elements:  First, that two or more

18   persons entered into the unlawful agreement that is charged in

19   the indictment; second, that the defendant knowingly and

20   willfully became a member of the conspiracy; third, that one of

21   the members of the conspiracy knowingly committed at least one

22   of the overt acts that are charged in the indictment or an

23   overt act which is substantially the same as the one charged;

24   and fourth, that the overt acts which you find to have been

25   committed was or were committed by a member of the conspiracy

J2E6BURD

1    to further some objective of the conspiracy.

2           The object of the conspiracy in this case is violation

3    of the Anti-Kickback Statute Title 42, United States Code,

4    Section 1320a-7b(b)(1)(B).  That crime has the following four

5    elements:  First, that the defendant solicited or received any

6    remuneration; second, that the defendant's solicited or

7    received remuneration in return for as relevant here in this

8    indictment prescribing a particular drug, in this case the drug

9    substance, which is referred to as the Fentanyl spray in the

10   indictment; third, that the item described in the indictment,

11   the Fentanyl spray, was or could have been paid in whole or in

12   part by a federal healthcare program; and fourth, that the

13   defendant acted knowingly and willfully.

14          The government must also prove venue in the Southern

15   District of New York by a preponderance of the evidence.

16   Southern.

17          THE COURT:  Thank you.

18          Sir, having heard the elements of the offense that are

19   outlined at Count One the indictment, is it still your desire

20   to tender a plea of guilty?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Sir, have any threats been made to you by

23   anyone to influence you to plead guilty?

24          THE DEFENDANT:  No.

25          THE COURT:  Have any promises been made to you

J2E6BURD

1    concerning the sentence that you will receive?

2              THE DEFENDANT:  No.

3              THE COURT:  I understand that you and your attorney

4    and representatives of the government have reached certain

5    agreements and understandings in connection with your tender of

6    plea of guilty and those agreements and understandings have

7    been reduced to a writing, specifically a letter dated

8    February 4, 2019, addressed to Richard Levitt and Nicholas

9    Kaizer, your attorneys.  I have a copy of that document before

10   me which I shall show you now.

11             Do you recognize the document, sir?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Did you have an opportunity to review it

14   with your attorneys?

15             THE DEFENDANT:  Yes, we reviewed it.

16             THE COURT:  Is there anything contained in the

17   document that you do not understand?

18             THE DEFENDANT:  No.

19             THE COURT:  In addition to the various counts that are

20   recited in Indictment 18 CR 217, the indictment also contains a

21   forfeiture allegation through which the government has

22   indicated it will seek to recoup from you the proceeds of the

23   illegal conduct described in the indictment.

24             Are you aware that the indictment contains a

25   forfeiture allegation?

J2E6BURD

1          THE DEFENDANT:  Yes.

2          THE COURT:  There is text in the February 4, 2019,

3     writing to which you admit the forfeiture allegation to which I

4     just drew your attention.

5          Are you aware of that, sir?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  There is also text in that same document

8     that indicates that you will forfeit the amount of $68,400.

9          Are you aware of that, sir?

10         THE DEFENDANT:  Yes, your Honor.

11         THE COURT:  The document dated February 4, 2019,

12    document also contains text through which you agreed to make

13    restitution pursuant to Title 18, United States Code, Sections

14    3663, 3663(a) and 3664.

15         Are you aware of that, sir?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  The February 4, 2019 document also takes

18    an analysis of how the Sentencing Commission Guidelines might

19    apply your case.

20         Are you aware of that, sir?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Do you understand that notwithstanding the

23    analysis of the guidelines in the February writing, the impact

24    if any of the Sentencing Commission Guidelines may have on the

25    sentence to be imposed upon is left solely to the discretion of

J2E6BURD

1      the sentencing judge?

2                     THE DEFENDANT:  Yes, your Honor.

3                     THE COURT:  There is also text in the February 4 2019,

4      writing that restricts your ability to appeal from or

5      collaterally attack the judgment of conviction or sentence that

6      might be imposed upon you.

7                     Are you aware of that?

8                     THE DEFENDANT:  Yes, your Honor.

9                     THE COURT:  That would include any fines or period of

10     supervised release.

11                    Do you understand that, sir?

12                    THE DEFENDANT:  Yes, your Honor.

13                    THE COURT:  There is also text in the same document

14     that restricts your ability to seek a sentence modification

15     pursuant Title 18, United States Code, Section 3582(c).

16                    Are you aware that, sir?

17                    THE DEFENDANT:  Yes, your Honor.

18                    THE COURT:  I want to show you the last page of the

19     February 4, 2019, document about which we have been speaking.

20                    Is your true signature on that page, sir?

21                    THE DEFENDANT:  Yes, your Honor.

22                    THE COURT:  Did anyone force you to sign the document?

23                    THE DEFENDANT:  No.

24                    THE COURT:  Let me turn my attention to your counsel.

25                    Is your signature also on last page of the document?

J2E6BURD

1              MR. LEVITT:  I signed it.

2              THE COURT:  Have representatives of the government

3     also signed the last page of the document?

4              MR. SOLOWIEJCZYK:  Yes, your Honor.

5              THE COURT:  Mr. Burducea, other than the agreements

6     and understandings that you and your attorneys and

7     representatives of the government have made and reached that

8     are outlined in the February 4, 2019, writing about which we

9     have been speaking.

10             Have any other agreements or understandings been made

11    or reached with you in connection with your tender of a plea of

12    guilty to Count One of Indictment 18 CR 217?

13             THE DEFENDANT:  No, your Honor.

14             THE COURT:  Sir, is your plea being made voluntarily,

15    that is of your own free will?

16             THE DEFENDANT:  Yes, your Honor, voluntary.

17             THE COURT:  Did you commit the offense that is

18    outlined at Count One of the indictment?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Would you tell me in your own words what

21    it is that did you that makes you believe yourself guilty of

22    the offense set forth at Count One of the indictment?

23             THE DEFENDANT:  Yes, your Honor.  From in or about

24    December 2014 to June 2015, I participated in speaker's

25    programs organized by Insys, pharmaceutical company.  As a

J2E6BURD

1    participant in the program, I agreed to host dinners Manhattan

2    at which I was to present a PowerPoint demonstration explaining

3    the use of its product, Subsys.

4              THE COURT:  Sir, will you pull the microphone closer

5    to you.

6              THE DEFENDANT:  Subsys, sublingual Fentanyl spray.

7    For my participation in each dinner program, Insys agreed to

8    pay my a speaker's fee.

9              Although I initially believed that the speaker's

10   program was legitimate, I soon realized it was not.  Insys had

11   little concern whether the dinners were attended by

12   professionals, who are likely to prescribe Subsys.  In some

13   instances, we had the same person attended the dinners on

14   multiple occasions.  The dinners were often held in venues not

15   conducive to the demonstration I was supposed to give, and in

16   many cases I did not give the PowerPoint demonstration at all.

17   It therefore become clear that I was being paid to induce me to

18   write prescriptions for Subsys on behalf of my patients.

19   Though -- although I only prescribed Subsys for patients I

20   believe would benefit from it, I also understood that the

21   speaker fees I was receive was being paid to me as an

22   inducement to prescribe Subsys.  Though I agreed with persons

23   at Insys to receive payments in exchange for prescribing Subsys

24   for my patients, many of whom were insured by federal health

25   care program.

1          THE COURT:  Sir, when you engaged in the conduct that

2     you just described, did you know that what you were doing was

3     wrong?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Any questions the government would have me

6     put to the defendant?

7          MR. SOLOWIEJCZYK:  No, your Honor.

8          The government would just proffer that in fact many of

9     the prescriptions of Subsys written were in fact reimbursed by

10    a federal healthcare program, Medicare and Medicaid.

11         THE COURT:  Thank you.

12         Mr. Levitt, are you aware of any reason why your

13    client should not plead guilty?

14         MR. LEVITT:  No, your Honor.

15         THE COURT:  Is the government aware of any reason why

16    the defendant should not plead guilty?

17         MR. SOLOWIEJCZYK:  No, your Honor.

18         THE COURT:  If the matter were to proceed to trial,

19    what evidence would the government offer in support the charge

20    at Count One of the indictment?

21         MR. SOLOWIEJCZYK:  Your Honor, the evidence would

22    consist of, among other things, testimony from cooperating

23    witnesses including former employees and executives of the

24    company, electronic communications, sign-in sheets from the

25    aforementioned speaker programs, medical records, records from

J2E6BURD

1    insurance companies, and records from Medicare and Medicaid

2    among others things.

3         THE COURT:  In a general way what would the testimony

4    of the persons you described as cooperating witnesses reveal?

5         MR. SOLOWIEJCZYK:  Your Honor, among other things, it

6    would reveal that the speaker programs were largely a sham;

7    that the speaker fees were intended to induce doctors to

8    prescribe Subsys; and that in fact an agreement was reached

9    between the company and these doctors, including Dr. Burducea,

10   that he would prescribe Subsys in exchange for the speaker

11   program fees.

12        THE COURT:  The electronic communications to which you

13   made reference, in a general way what would they demonstrate?

14        MR. SOLOWIEJCZYK:  The communications would include

15   discussions among other coconspirators about their efforts to

16   induce further prescriptions from multiple doctors, including

17   Dr. Burducea, as well as communications relating to sign-in

18   sheets for the speaker programs and emails regarding setting up

19   and the logistics regarding the speaker programs.

20        THE COURT:  The insurance company records to which you

21   made reference, what types of records are these and what would

22   they demonstrate?

23        MR. SOLOWIEJCZYK:  Your Honor, these would consist of

24   documentation that was provided to the insurance companies that

25   were being asked to provide reimbursement for the prescription

1   and it would include medical records that were provided to

2   them, information about what diagnosis justified the

3   prescription of this drug, and then also proof that the

4   insurance companies ultimately did pay.

5          THE COURT:   Thank you.

6          I am satisfied that the defendant understands the

7   nature of the charge made against him in Count One of the

8   indictment.   I am satisfied that he understands the

9   consequences of the plea of guilty.   I am also satisfied that

10  the plea is being made voluntarily and knowingly and that there

11  a factual bases for the plea.   So I shall recommend to the

12  assigned district judge that the plea be accepted.

13         I shall direct that a presentence report be prepared

14  prior to the date of sentence, the 22nd day of May 2019 at

15  11:00 a.m.

16         In connection with the preparation of that report, the

17  government should provide its case summary materials to the

18  Probation Office not later than 14 days from today.

19         The defendant and his counsel should arrange for an

20  interview with the Probation Officer no later than 14 days from

21  today.

22         I direct the government to obtain a transcript of the

23  minutes generated during this proceeding and present same to

24  the assigned district judge before the date of sentence.

25         Any application with respect to bail?

J2E6BURD

1          MR. SOLOWIEJCZYK:  Not from the government, your

2    Honor.

3          MR. LEVITT:  No, your Honor.

4          THE COURT:  Anything else that we need to address?

5          MR. LEVITT:  No, Judge.

6          MR. SOLOWIEJCZYK:  No, your Honor.  Thank you.

7          THE COURT:  Thank you.  Good day.

8          MR. SOLOWIEJCZYK:  Thank you.

9          THE DEFENDANT:  Thank you.

10                              o0o

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25