# LEVITT & KAIZER
### ATTORNEYS AT LAW
### 40 FULTON STREET
### 17 FLOOR
### NEW YORK, NEW YORK 10038-1850

RICHARD WARE LEVITT·
rlevitt@landklaw.com

NICHOLAS G. KAIZER·
nkaizer@landklaw.com

ZACHARY SEGAL
zsegal@landklaw.com

·ADMITTED IN N.Y., FLA., AND D.C.

TELEPHONE
(212) 480-4000

FACSIMILE
(212) 480-4040

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/21/25

January 17, 2025

Hon. Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re:    *United States v. Alex Burducea*,
       18 Cr. 217 (KMW)

Dear Judge Wood:

We respectfully request the early termination of Alex Burducea's term of supervised release. Probation supports early termination of Burducea's supervision and the government does not object.

Dr. Burducea was sentenced on January 29, 2020, to 57 months' imprisonment and three years' supervised release upon his plea to conspiring to violate the anti-kickback statute in violation of 18 U.S.C. § 371. He served his sentence without incident and was released to home confinement, which he served from January 19, 2023, until May 19, 2023, when he commenced supervised release. He has now served approximately 20 months of his 36-month supervised release term and has been employed since May 20, 2023. He has not violated any terms of supervised release. Undersigned counsel has communicated with Dr. Burducea's Probation Officer, Lisa Famularo (Lisa_Famularo@nyep.uscourts.gov) to elicit her position regarding the instant motion and she responded, "Yes. He meets the criteria for early termination, and we would support." I have also corresponded with AUSA Noah Solowiejczyk, who states the government does not object to this request.[1]

We seek the requested relief because, although Dr. Burducea is required simply to check in with Probation once a month remotely, his status on supervised release has impacted him negatively in two significant ways. First, as he has reported to counsel, "I am trying to get a better job, and everyone is asking me if I am done with probation. I can't move forward with my career due to probation terms, restrictions to travel to other states."

Additionally, Dr. Burducea needs to get permission to travel every time he wants to visit his children in Florida, and it has become very cumbersome, particularly when he needs to go on short notice. His situation is complicated by the fact that he and his wife are in the middle of divorce proceedings and one of his three children requires close attention

---

[1] On April 18, 2023, the Court terminated early the supervised release term imposed on defendant Schlifstein. *See* Doc 375.

LEVITT & KAIZER
ATTORNEYS AT LAW

Hon. Kimba M. Wood
January 17, 2025
Page-2-

because he suffers with an anxiety disorder and sees a psychologist in Florida every week. He notes that the travel is very expensive, requiring that he get a better paying job.

### Discussion

Title 18 USC § 3583(e)(1) authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 USC § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release.

The Judicial Conference has identified the following criteria to assess eligibility for early termination[2]:

> Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
> 1. stable community reintegration (e.g., residence, family, employment);
> 2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;
> 3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
> 4. no history of violence (*e.g.,* sexually assaultive, predatory behavior, or domestic violence);
> 5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
> 6. no recent evidence of alcohol or drug abuse;
> 7. no recent psychiatric episodes;
> 8. no identifiable risk to the safety of any identifiable victim; and
> 9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

*Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or

---

[2] *See* chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/http://www.madisonattorney.com/cjablog/Monograph109.pdf

LEVITT & KAIZER
ATTORNEYS AT LAW

Hon. Kimba M. Wood
January 17, 2025
Page-3-

drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." *Id.*, § 380.10(g).

Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs.[3] Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum observes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." *Id.*

Dr. Burducea satisfies the criteria for early termination of supervised release. He has been on supervised release since May 19, 2023, some 20 months. He is living a stable, law-abiding life and had been minimally supervised without incident. He is not a drug or alcohol abuser, has no psychiatric incidents and is not a risk to any individual or the community. Further, this application is supported by Dr. Burducea's probation officer and not opposed by the government. And granting this request would facilitate his visits to his children and assist his efforts to obtain a better paying job to defray the cost of his travel to Florida to visit his children and otherwise assist him as he re-integrates into society following release from incarceration.

For all these reasons we respectfully request that Dr. Burducea's supervised release be terminated. Thank you for considering this request.  ] Granted

*[Handwritten: The request for early termination is granted; the Court terminates the defendant's supervised release]*

Respectfully,

Richard Levitt

cc:  PO Lisa Famularo via email to: Lisa_Famularo@nyep.uscourts.gov
     AUSA David Abramowicz (by email and ECF)

---

[3] *See United States v. Hill*, 16-cr-190 (DAD) (E.D. Cal. April 12, 2022), available at https://casetext.com/case/united-states-v-hill-912; *see also* https://www.uscourts.gov/news/2013/09/24/early-termination-supervision-cost-effective-and-safe

SO ORDERED: N.Y., N.Y.  1/21/25

Kimba M. Wood
KIMBA M. WOOD
U.S.D.J.